PER CURIAM.
The defendants bring timely interlocutory appeal from an order denying their motion to dismiss. The appellants contend, that the court lacks jurisdiction over the parties and over the cause.
The briefs and appendix reveal that on 10 September 1964 plaintiffs’ amended complaint was dismissed with twenty days leave to amend. On 29 September 1964, plaintiffs mailed their second amended complaint to the Clerk of Circuit Court and to the defendants. Since the amended complaint was not actually filed until the twenty first day on 1 October 1964; the defendants moved to dismiss the action for lack of jurisdiction over the parties and the cause.
The defendants contend that the prior order dismissing the action with twenty days leave to amend became automatically final when plaintiffs failed to file their amended complaint on the twentieth day. This contention is without merit. The order appealed reads in pertinent part:
“ORDERED, ADJUDGED and - DECREED that said motion be and - the same hereby is granted, and this cause be, and the same hereby is- dismissed, and it is further,
“ORDERED, ADJUDGED and DECREED that the plaintiffs be granted twenty (20) days within which to file their amended complaint in the above styled cause.”
This order merely dismissed the complaint with leave to amend. It did not dismiss the cause. It lacked the requisite finality to relieve the court of further judicial labor in the case. Cf. Washington Security Co. v. Tracy’s Plumbing and Pumps, Inc., Fla. App.1964, 166 So.2d 680, 682. Compare Stevens v. Metropolitan Dade County, Fla. *208 App.1964, 164 So.2d 273, cited by appellants where the complaint was dismissed by an order which provided that if an amended complaint were not filed within fifteen days “ ‘this cause shall stand dismissed with prejudice * * *.’ ” Other cases cited by the appellants are similarly distinguishable.
Affirmed.
ALLEN, Acting C. J., and SHANNON and WHITE, JJ., concur.