GRIMES, Acting Chief Judge.
This is an appeal from a judgment in favor of the Hillsborough County Board of Criminal Justice (HBCJ) predicated upon the determination that appellant had failed to comply with the claim requirements of section 768.28(6), Florida Statutes (1983).
On November 9,1982, appellant and Mrs. Ryan, then his fiancee, were stopped by a Hillsborough County deputy sheriff and placed under arrest on a felony warrant from the State of Oklahoma. On May 8, 1984, appellant’s attorney forwarded a written claim on behalf of appellant and his wife to the Hillsborough County Sheriff, Walter Heinrich, and to the Florida Department of Insurance.
Appellant and Mrs. Ryan filed suit against Heinrich and the IIBCJ on December 27, 1984. The complaint alleged that the board controlled and operated the jail and that Heinrich served as its director.[1] The plaintiffs complained that their automobile had been unlawfully stopped and that they had been mistreated while in jail. The defendants filed a motion to dismiss, asserting that the complaint failed to allege compliance with section 768.28(6). Thereafter, the parties stipulated that the defendants’ motion to dismiss the complaint should be granted with leave to amend, that plaintiffs’ causes of action should be severed and that Mrs. Ryan would assert her claim in a separate suit.
Appellant filed an amended complaint on August 6, 1986. He alleged compliance with section 768.28(6) by attaching a copy of the May 8, 1984, claim letter. On August 26, 1986, the defendants once again moved to dismiss for failure to allege facts establishing compliance with the statute. Finally, on April 25, 1986, the court entered an order dismissing the complaint against the board with prejudice on the premise that the claim letter which appellant had attached to the amended complaint showed that no written claim had been presented to the board within three years after the claim had accrued. The claim against Heinrich as sheriff remains pending.
Section 768.28(6) provides that no action may be filed against the state or one of its agencies or subdivisions unless at least six months prior thereto the claimant presents a claim in writing to the appropriate agency and, except in the case of municipalities, to the Department of Insurance. The written claim must be presented within three *187 years after the claim accrued. Compliance with this requirement is a condition precedent to maintaining a suit against the state and its agencies or subdivisions. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1014 (Fla.1979). This subsection is strictly construed because it is a part of the statutory waiver of sovereign immunity. Levine v. Dade County School Board, 442 So.2d 210, 212 (Fla.1983).
There is no doubt that appellant complied with section 768.28(6) with respect to Heinrich, as sheriff, by mailing a written notice of claim to him and to the Department of Insurance. However, this claim made no reference to Heinrich in his capacity as director of the HBCJ, and there was nothing in the text of the claim to suggest that the board was a potential defendant. The written notice did not suffice to make a claim against the board.
We also reject appellant’s contention that the original complaint served on the board, albeit subsequently dismissed, constituted the presentation of a written claim to the board. Even if the complaint could be construed as a claim, the claim was never presented to the Department of Insurance, an omission deemed fatal in Levine.
Since the amended complaint showed on its face that the written claim had not been presented within three years of the accrual of the cause of action, the court properly dismissed the complaint against the board with prejudice. Dukanauskas v. Metropolitan Dade County, 378 So.2d 74 (Fla. 3d DCA 1979). See Fla.R.Civ.P. 1.110(d).
Affirmed.
SCHEB and FRANK, JJ., concur.

. In Hillsborough County, the board operates the jail, with the sheriff as its executive director, under the authority of special acts of the legislature. Ch. 71-684, Laws of Fla.; Ch. 72-562, Laws of Fla.; Ch. 75-395, Laws of Fla.