548 So.2d 658 (1989)
ORANGE COUNTY, Florida, Petitioner,
v.
Johnnie P. GIPSON, Etc., et al., Respondents.
No. 73975.
Supreme Court of Florida.
September 7, 1989.
*659 Steven F. Lengauer of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for petitioner.
James O. Driscoll of James O. Driscoll, P.A., Orlando, for respondents.
McDONALD, Justice.
In Orange County v. Gipson, 539 So.2d 526, 529 (Fla. 5th DCA 1989), the district court certified the following question as being of great public importance:
Is a crossclaimant for contribution against a governmental entity required by s. 768.28(6)(a), Fla. Stat., to provide notice of its crossclaim to the State Department of Insurance where the underlying tort claimants have provided timely and proper notice of the tort claims to the Department and both the governmental entity and the crossclaimant were defendants in the litigation at the time such notice was provided?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the certified question in the negative and approve the district court's decision.
In 1979 two children drowned in a drainage canal owned by Orange County after the younger child fell into the canal while crossing it on sewer pipes owned by the City of Orlando and the elder child tried to rescue him. Their estates sued the city and its insurer and the county for wrongful death. Before trial the plaintiffs settled with the city and its insurer, with each receiving $100,000. The plaintiffs then released both the city and county. When the county did not contribute to the settlement, the city crossclaimed for contribution against the county and the Orange County School Board. The school board settled with the city for $8,000, and at trial the jury found the county twenty-five percent negligent and the city seventy-five percent negligent.
On appeal the county argued that because the city had not complied with the notice requirement of subsection 768.28(6), Florida Statutes (1987),[1] its claim for contribution *660 should have been barred. The district court disagreed, holding
that section 768.28(6)(a) does not require that the City provide notice of its contribution crossclaim to the State Department of Insurance when the County was already a party defendant, and notice of the claim against the County was given to the Department of Insurance by the original plaintiff. We construe that portion of section 768.28(6) which requires notice to be give [of] a contribution claim to apply only in cases where the claim for contribution is an independent action of a third party claim against a government agency not a party to the original tort action.
539 So.2d at 529. The court then elected to certify its question to this Court.
As the district court pointed out, "statutes will not be interpreted so as to yield an absurd result." Id. We agree that where, as in this case, a crossclaim for contribution is "part and parcel," id., of the original action against a state agency notice of filing the crossclaim is not necessary. In the instant case the plaintiffs sued both the city and county and gave proper notice. The city's claim for contribution was a logical product of that suit. Requiring a second notice in this instance would be a totally unwarranted elevation of form over substance. We therefore answer the certified question in the negative.
The district court also held that under subsection 768.28(5), Florida Statutes (1977),[2] $100,000 per incident was the "absolute maximum," id., limit on the waiver of sovereign immunity and reduced the county's share to twenty-five percent of $100,000.[3] The city now argues that the court erred in reducing the county's share. The district court, however, correctly interpreted the 1977 language in subsection 768.28(5), and we find no merit to the city's claim.
Therefore, we answer the certified question in the negative and approve the district court's decision.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] § 768.28(6), Fla. Stat. (1987), reads as follows:

(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; except that, if such claim is for contribution pursuant to s. 768.31, it shall be so presented within 6 months after the judgment against the tortfeasor seeking contribution has become final by lapse of time for appeal or after appellate review or, if there is no such judgment, within 6 months after the tortfeasor seeking contribution has either discharged the common liability by payment or agreed, while the action is pending against him, to discharge the common liability. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection do not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.
(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.
(Emphasis added.)
[2] The 1977 version of § 768.28(5), Fla. Stat., provided, in pertinent part: "Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000 or any claim or judgment, or portions thereof, which when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000."
[3] Minus $6,000, 75% of the $8,000 which the school board paid to settle the claim against it.