ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is granted. The opinion of February 28, 1990 is withdrawn and the following opinion is substituted:
The question presented is whether notice given only to the county attorney’s office suffices under section 768.28(6)(a), Florida Statutes (1987), when a lawsuit is filed against the Broward County Sheriff’s Office and the county is not named as a defendant. The trial judge deemed the notice insufficient and we agree.
In the case at bar, both sides rely on Beard v. Hambrick, 396 So.2d 708 (Fla.1981). At one point in Beard, our supreme court opined that “a sheriff is a county official and, as such, is an integral part of the county,” which statement would support the notion that the notice given in the case at bar was adequate. On the other hand, Beard also noted that “section 768.28 is applicable to sheriffs as a separate entity or agency of a political subdivision.” This latter language would suggest that the notice given was inadequate. The point at issue here is not the same as it was in Beard, where the issue involved the question of whether the sheriff was subject to the waiver of sovereign immunity. Sub judice, sovereign immunity is not in question.
It is uncontroverted that the Broward County attorney’s office does not represent the sheriff. Likewise, under Article VIII § 1(d), Fla. Const., it appears to us to be erroneous to suppose if one sues the tax collector, the property appraiser, the supervisor of elections or the clerk of the circuit court (many of whom retain their own counsel), that notice to the county attorney’s office would suffice, especially where the county is not even named as a defendant.
At oral argument, in response to a question on why the sheriff’s department itself was not given notice, the explanation was given that the sheriff’s employees were also being sued personally. So what?
The purpose of the statute is to insure that proper notice is given to the appropriate entity. In Broward County, the sheriff is an elected constitutional officer who retains his own counsel. In our judgment, it is the sheriff’s department that should have been given notice. Clearly, the case of Orange County v. Gipson, 548. So.2d 658 (Fla.1989) does not support the appellant’s position. In Gipson, the supreme court merely held that a cross-claim did not require separate notice under the statute because it was part and parcel of the original action. The present case is a far cry from that scenario. Sheriffs in most counties are elected constitutional officers operating their own bandwagons, even taking out their own insurance out of their own budgets to safeguard them against claims such as the one before us now. We do not agree that notice to the county attorney’s office, when it does not represent the sheriff and when the county is not *579 even named as a defendant, satisfies the intent of the legislature.
Parenthetically, we would note that both Beard and Gipson involved notice actually given to the sheriff.
In conclusion, we repeat our earlier thought that the Beard case may be equivocal on this issue. Moreover, the matter is obviously of great public importance. Consequently, we hereby certify the following question to our supreme court.
DOES NOTICE GIVEN ONLY TO THE BROWARD COUNTY ATTORNEY’S OFFICE PURSUANT TO SECTION 768.28(6)(a) SUFFICE TO SUPPORT AN ACTION ON A CLAIM AGAINST THE SHERIFF’S OFFICE OF BROWARD COUNTY?
AFFIRMED.
DOWNEY and LETTS, JJ., concur.
ANSTEAD, J., dissents with opinion.