McDonald, justice.
Miguel Pirez, Jr., petitions this Court to review Pirez v. Brescher, 566 So.2d 577 (Fla. 4th DCA 1990), in which the Fourth District Court of Appeal held notice of Pi-rez’s cross-claim against George Brescher as sheriff of Broward County insufficient because such notice was given to the county attorney’s office, which does not represent the sheriff. The district court certified the following question as being of great public importance:
DOES NOTICE GIVEN ONLY TO THE BROWARD COUNTY ATTORNEY’S OFFICE PURSUANT TO SECTION 768.28(6)(a) SUFFICE TO SUPPORT AN ACTION ON A CLAIM AGAINST THE SHERIFF’S OFFICE OF BROWARD COUNTY?
Id. at 579.[1] For the reasons set forth below, we answer the certified question in the negative and approve the district court’s decision.
On June 22,1984, Pirez was seated in the driver’s seat of his car in the parking lot of an apartment complex in Lauderhill when several Broward County sheriff’s deputies arrived at the complex to investigate a possible burglary of a vehicle. The deputies, undercover and dressed in plain clothes, ran across the poorly lighted parking lot toward Pirez’s vehicle, shouting and carrying guns. Pirez, who did not know that the men were sheriff’s deputies, started to drive away. The deputies then fired into the car, wounding Pirez and killing Edgar Torres, a youth who was seated in the passenger seat.
Pirez served notice on the Broward County Attorney’s Office of his intention to file suit against the deputies and the sheriff’s department, pursuant to section 768.-28(6)(a), Florida Statutes (1983).[2] Subsequently, Torres’s estate filed a series of complaints, culminating in a third amended complaint against Pirez, the sheriff, and one of the deputies. Pirez answered the complaint and filed a third cross-claim against Sheriff Brescher, in which he sought damages for his own injuries, not contribution. The sheriff moved to dismiss the cross-claim, asserting that the notice served by Pirez on Broward County was insufficient to comply with the notice requirement of section 768.28(6)(a). After a hearing, the trial court granted the sheriff’s motion and dismissed Pirez’s third cross-claim. Pirez moved for rehearing, and the trial court entered an order denying rehearing and denying the third cross-claim with prejudice, stating:
*995 The Court finds and hereby dismisses Defendant/Cross-Plaintiff’s May 31st, 1988, Crossclaim with prejudice since such claim is barred pursuant to Florida Statute 768.28(6). The Court further finds that more than three (3) years have elapsed since Defendant/Cross-Plaintiff’s Crossclaim has accrued without sufficient notice being served on GEORGE BRESCHER as Sheriff of Bro-ward County. Therefore, the granting of Defendant GEORGE BRESCHER’s Motion to Dismiss without prejudice and with leave to amend would be an exercise in futility for Defendant/Cross-Plaintiff MIGUEL PIREZ since he cannot, by virtue of F.S. 768.28(6)(a) amend his cross-claim so as to render it viable.
The Fourth District Court of Appeal originally issued an opinion reversing the trial court, Pirez v. Brescher, No. 88-2424 (Fla. 4th DCA Feb. 28, 1990), but, on rehearing, withdrew its prior opinion and affirmed the trial court, stating:
Sheriffs in most counties are elected constitutional officers operating their own bandwagons, even taking out their own insurance out of their own budgets to safeguard them against claims such as the one before us now. We do not agree that notice to the county attorney’s office, when it does not represent the sheriff and when the county is not even named as a defendant, satisfies the intent of the legislature.
566 So.2d at 578-79. We agree with the district court.
As the district court pointed out, our decision in Beard v. Hambrick, 396 So.2d 708 (Fla.1981), involved the question of whether the sheriff was subject to the waiver of sovereign immunity. We found that “a sheriff is a ‘county official,’ and, as such, is an integral part of the ‘county’ as a ‘political subdivision’ and that section 768.28 is applicable to sheriffs as a separate entity or agency of a political subdivision.” Id. at 711 (emphasis added). We did not, however, address the issue of proper notice. To the extent that Beard may be equivocal, we now resolve the issue. The county attorney’s office does not represent the sheriff in Broward County; therefore, notice to the county attorney is not sufficient under section 768.28(6)(a) when a lawsuit is filed against the sheriff.
We note that our decision in Orange County v. Gipson, 548 So.2d 658 (Fla.1989), does not support Pirez’s contention. We stated in Gipson that “where ... a crossclaim for contribution is ‘part and parcel’ of the original action against a state agency notice of filing the crossclaim is not necessary.” Id. at 660 (citation omitted). However, in the present case Pirez’s cross-claim was not for contribution but, rather, for his own damages, so it certainly could not be considered “part and parcel” of the Torres estate’s suit against the sheriff. Thus, Pirez could not rely on any notice provided to the sheriff by Torres’s estate.
Pirez failed to give proper notice of his claim and thus failed to comply with a condition precedent to the waiver of sovereign immunity. This necessarily results in the dismissal of his claim. We answer the certified question in the negative and approve the decision of the Fourth District Court of Appeal.
It is so ordered.
OVERTON, GRIMES and HARDING, JJ., concur.
BARKETT, J., dissents with an opinion, in which SHAW, C.J., and KOGAN, J., concur.

. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.

. This subsection read as follows:
(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; except that, if such claim is for contribution pursuant to s. 768.31, it shall be so presented within 6 months after the judgment against the tort-feasor seeking contribution has become final by lapse of time for appeal or after appellate review or, if there is no such judgment, within 6 months after the tortfeasor seeking contribution has either discharged the common liability by payment or agreed, while the action is pending against him, to discharge the common liability. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection do not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.
This subsection is part of the statutory waiver of sovereign immunity, so it must be strictly construed. Levine v. Dade County School Bd., 442 So.2d 210 (Fla.1983).