BARKETT, Justice,
dissenting.
I dissent for the reasons expressed in Judge Anstead’s dissenting opinion in the case below:
The Beard v. Hambrick decision holds that a sheriff is an officer of a political subdivision of the state, to wit a county. Under the notice statute, service of notice is to be made upon the political subdivision involved. In this case that is the county. I think we should interpret the notice statute in a common sense fashion. The sheriff is an officer of county government. His budget is part of the county government budget. His jurisdiction is coextensive with the county boundaries. In this case, the county at *996 torney is even authorized to represent the sheriff. I agree with the statement in our original opinion of February 28, 1990:
Under Hambrick, a sheriff is deemed to be an official of county government. Hence, service of notice on the county should constitute sufficient notice to a county official. We believe this holding is consistent with a practical interpretation of the notice requirement, since there are a myriad of county officials whose precise legal relationship with the county is unclear and possibly unknown to the general public.
Pirez v. Brescher, 566 So.2d 577, 579 (Fla. 4th DCA 1990) (Anstead, J., dissenting).
SHAW, C.J., and KOGAN, J., concur.