718 So.2d 859 (1998)
Jeff KUPER, Appellant,
v.
Neil J. PERRY, Sheriff of St. Johns County, Florida, et al., Appellees.
No. 97-2237.
District Court of Appeal of Florida, Fifth District.
August 28, 1998.
Rehearing Denied October 16, 1998.
Larry T. Griggs of Larry T. Griggs, P.A., St. Augustine, for Appellant.
Sandra Manjasek of Gosney, Manjasek and Moore, Daytona Beach, for Appellee Neil J. Perry.
Patrick F. McCormack, St. Augustine, for Appellee St. Johns County.
W. SHARP, Judge.
Kuper appeals an order which dismissed his complaint for failure to state a cause of action, against Neil J. Perry, the Sheriff of St. Johns County. The dismissal was predicated on Kuper's alleged failure to comply with the presuit notice requirements contained in section 768.28(6)(a). Kuper argues he satisfied the presuit notice requirements in an earlier filed lawsuit, which was voluntarily dismissed. We agree and reverse.
On December 11, 1992, Kuper, who was handcuffed and in ankle chains, fell as he was *860 exiting a Sheriff's van at the county jail. As a result of this fall, Kuper sustained a ruptured disc between his C5 and C6 vertebrae, and suffered impairment to the C5 nerve. He filed presuit notice as required under § 768.28(6)(a) in 1993, and in 1994 he filed suit (the 1994 suit) against the Sheriff and the St. Johns County Board of Commissioners.
On November 7, 1996, the Sheriff moved to dismiss the lawsuit for failure to prosecute. On December 3, 1996, Kuper's attorney faxed a voluntary notice of dismissal of the lawsuit, without prejudice, to opposing counsel. Six days later, on December 9, 1996, Kuper refiled his lawsuit (the 1996 suit) with a virtually identical complaint.[1]
The Sheriff filed a motion to dismiss the 1996 suit on March 25, 1997, on the ground that Kuper had not complied with the presuit notice requirement of § 768.28(6)(a) in this (as opposed to the 1994) suit. The Sheriff argued that Kuper could not rely on the notice filed in 1993 because that notice pertained to the 1994 suit. The Sheriff's position was that a second notice was required by section 768.28(6)(a) because a second law suit had been filed. The trial court dismissed the suit on that basis. The issue of whether presuit notice is required for each lawsuit filed has not previously been determined in Florida.
Section 768.28(6)(a) is part of the statutory waiver of sovereign immunity. Brown v. State Dept. of Corrections, 701 So.2d 1211, 1212 (Fla. 1st DCA 1997)[2]. It provides:
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the spaceport Florida Authority, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues....
The language of the statute does not require notice to be filed for each lawsuit, and it speaks to "claim," not "lawsuit" or "action." A claim is not necessarily a lawsuit; a claim is a demand for something due as a matter of right. Mrowczynski v. Vizenthal, 445 So.2d 1099, 1101 (Fla. 4th DCA 1984).
The purpose of the notice requirement in § 768.28(6)[3] is to provide the state and its agencies with sufficient notice of claims filed against them, as well as time to respond to those claims. Williams v. Henderson, 687 So.2d 838, 839 (Fla. 2d DCA 1996). See also, Fitzgerald v. McDaniel, 833 F.2d 1516, 1519 (11th Cir.1987). The Florida Supreme Court has held that the purpose of this statute is to give public bodies time to investigate all claims. Metropolitan Dade County v. Reyes, 688 So.2d 311 (Fla.1996). Waiver of the notice requirement may occur under certain circumstances. Brown, at 1213; Hutchins v. Mills, 363 So.2d 818, 821 (Fla. 1st DCA 1978).[4]
Although this precise issue is one of first impression in Florida, courts have dealt with a related issue: whether additional presuit notice for cross-claims is required under the statute. In Orange County v. Gipson, 548 So.2d 658 (Fla.1989), the supreme court held that where presuit notice had been filed prior to the original lawsuit, it was not necessary to refile the notice under § 768.28(6)(a), where the cross-claim was for contribution. The court stated that where the cross-claim is "part and parcel" of the original action, a *861 second presuit notice is not required. Gipson.
Two years later, the supreme court implicitly clarified this holding, when it held in Pirez v. Brescher, 584 So.2d 993 (Fla.1991) that the failure to file another presuit notice under § 768.28(6) barred recovery in a cross-claim. The cross-claim in Pirez involved damages which could not be considered part and parcel of the original (estate) suit in which the notice of claim had been filed. Because Pirez' claim was not part and parcel of the original claim, he could not rely on the original presuit notice.
In Reyes the husband filed presuit notice after he fell and was injured while a prisoner in Dade County. His wife brought a loss of consortium suit, but did not refile presuit notice under § 768.29(6)(a). The lower court directed a verdict against the wife based on lack of notice, but the district court reversed, concluding that her suit was a derivative suit and that there was no showing that the public body was prejudiced by her lack of notice.
However, the supreme court rejected that idea, and quashed the district court's opinion. It found that loss of consortium is a separate cause of action, citing Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA 1988), and explained that the plain language of the statute indicated that each claimant must give proper notice. In holding that the purpose of the statute was to give the public body notice and time to investigate the claim, the court noted that the husband's presuit notice did not even indicate his marital status. But even if it had, the result would have been the same because there is no strict rule that all spouses of injured persons qualify for a loss of consortium award. The court concluded that "[t]here are, consequently; valid investigatory reasons for requiring that notice be given of all claims `against the state or one of its agencies or subdivisions.'" Reyes at 313.
In the context of cross-claims, the addition of new allegations, new claims or a new claimant, i.e., not part and parcel of the original claim, requires the claimant to file an additional presuit notice, because the original notice would be insufficient to give the political body time to investigate the new information. See Reyes. We think the same rule should apply to original claims that have been refiled.
In this case, the 1994 and 1996 complaints do not involve different facts, different relief, a different claimant, a different cause of action, or new allegations. The political body has already had ample time to investigate Kuper's claim, and the refiling of the complaint affords it additional time to conduct its investigation. No practical purpose would be served by requiring an additional notice.
REVERSED AND REMANDED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] The cause of action and allegations are the same. The Board of County Commissioners was not listed as a party in the 1996 suit because it had been dismissed earlier from the 1994 lawsuit.
[2] It has been held to be applicable to sheriffs as they are a separate entity or agency of a political subdivision of the state. Beard v. Hambrick, 396 So.2d 708 (Fla.1981).
[3] A formal form of the notice is not required; what is apparently important is content. For example, where the claim was lack of presuit notice under this section, it has been held that a letter sent to the Department of Insurance, which met the minimum presuit notice (content) requirements, was sufficient under the statute. Brower v. State, Dept. of Natural Resources, 698 So.2d 568 (Fla. 2d DCA 1997).
[4] The statute itself impliedly speaks to waiver in § 768.28(6)(d), where it provides "unless the agency had actual notice of the information required to be disclosed by paragraph (c)...."