DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YARIMA MORENO,**
Appellant,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D2024-1181

[May 13, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen Mary McHugh, Judge; L.T. Case No. 062023CC080185AXXXCE.

Melissa A. Giasi of Giasi Law, P.A., Tampa, and Jesus David Moises and Daniel Raoul Gross of Miami of Moises Gross, PLLC, Miami, for appellant.

Austin Leigh Flickstein of Bressler, Amery & Ross, Fort Lauderdale, Lisa Ginelle Vick of Cooney Trybus Law, Fort Lauderdale, Hope Caroline Zelinger of Bressler, Amery & Ross, Fort Lauderdale, and Mark David Tinker and Brandon James Tyler of Cole, Scott & Kissane, Tampa, for appellee.

MAY, J.

***Query***: When must a homeowner comply with a presuit notice of intent to litigate under section 627.70152(3)(a), Florida Statutes (2023)? ***Answer***: Any time the homeowner files a new suit. For this reason, we affirm the trial court's order dismissing the complaint in this case.

- ***The Facts***

A homeowner submitted a claim for property damage, in which she alleged the insurer failed to pay in full. The homeowner provided the insurer with a presuit notice of intent to litigate, as required by section 627.70152(3)(a), Florida Statutes (2021). After providing notice, the

homeowner filed her initial lawsuit, which she later voluntarily dismissed for reasons unrelated to this appeal.

Subsequently, the homeowner re-filed an identical lawsuit. The homeowner did not provide the department with a second presuit notice before filing the second complaint.

The insurer then moved to dismiss the second lawsuit, arguing that the homeowner failed to follow the statutory presuit notice requirement. The insurer argued the statute is "suit-specific," and a new notice of intent was required for each new suit filed. The homeowner responded that the statute is claim-specific, and her first notice of intent was sufficient for the second lawsuit.

At the hearing on the motion to dismiss, the homeowner argued that she had complied with the statute by providing the requisite presuit notice prior to filing the previously dismissed lawsuit. The insurer responded that the homeowner had failed to show that she provided the required statutory notice prior to filing the second lawsuit. The insurer explained that the required notice would have to include an updated demand and updated fees. The trial court dismissed the case without prejudice.

The homeowner moved for rehearing, which the trial court denied.

The homeowner now appeals.

- ***The Analysis***

On appeal, the homeowner argues the trial court erred by requiring a second presuit notice of intent. The homeowner suggests the statute's reference to "a notice" for a "suit" is "claim-specific," not "suit-specific," and requires only one notice per claim. The insurer responds that "a" means "any" and the statute is suit-specific because the condition precedent applies to a suit, meaning "any suit."

We have de novo review of a trial court's interpretation of a Florida statute. *State v. I.J.*, 258 So. 3d 473, 475 (Fla. 4th DCA 2018); *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011). We also review de novo a trial court's ruling on a motion to dismiss. *Mark E. Pomper, M.D., P.A. v. Ferraro*, 206 So. 3d 728, 731 (Fla. 4th DCA 2016).

Florida courts prioritize the plain meaning of statutory text, interpreting words in their ordinary, obvious, and common sense unless the context provides grounds to modify or qualify their meaning. *Pecchia*

*v. Wayside Ests. Home Owners Ass'n, Inc.*, 388 So. 3d 1136, 1140 (Fla. 5th DCA 2024). "Viewed properly as rules of thumb or guides to interpretation, rather than as inflexible rules, the traditional canons of statutory interpretation can aid the interpretive process from beginning to end . . . ." *Conage v. U.S.*, 346 So. 3d 594, 598 (Fla. 2022).

Here, the statute's plain language creates a mandatory prerequisite to filing a property-related insurance *lawsuit.* Subsection (3)(a) provides: "[a]s a condition precedent to *filing a suit* under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department." § 627.70152(3)(a), Fla. Stat. (2023) (emphasis added).

Importantly, this case involved a new suit filed after the voluntary dismissal of a prior suit by the plaintiff. A voluntary dismissal serves to terminate the litigation, and to preclude revival of the original action. *Pino v. Bank of New York,* 121 So. 3d 23, 32 (Fla. 2013). This scenario is different from the usual case where a trial court grants a motion to dismiss with leave to amend. In that situation, the suit itself is not dismissed; the order simply allows the parties to amend deficiencies in their claims. *Hancock v. Piper,* 175 So. 2d 207, 207–08 (Fla. 2d DCA 1965).

Through that lens, the homeowner's misplaced reliance on *Kuper v. Perry,* 718 So. 2d 859 (Fla. 5th DCA 1998) is clear. *Kuper* involved a suit brought under the sovereign immunity statute, section 768.28(6)(a), Florida Statutes. After voluntarily dismissing the first suit, the plaintiff refiled a second lawsuit without sending a second notice. *Id.* at 860. The Fifth District held that no new notice was necessary because the sovereign immunity statute required presentment of the "claim," which had not changed between the two suits. *Id.* at 860-61. The *Kuper* court made clear that the sovereign immunity statute at issue before it spoke to "claims" and not "lawsuits": "[t]he language of the statute does not require notice to be filed for each lawsuit, and it speaks to 'claim,' not 'lawsuit' or 'action.' A claim is not necessarily a lawsuit; a claim is a demand for something due as a matter of right." *Id.* at 860.

The difference between the instant case and *Kuper* is the text of the statute. As opposed to the sovereign immunity statute in *Kuper,* the presuit notice statute at issue here includes a "*presuit* settlement demand" that itemizes "damages, attorneys fees, and costs." § 627.70152(3), Fla. Stat. (2023). The statute is **not** a simple notice-of-claim statute; it is a presuit settlement demand statute. It requires the presuit notice to include a settlement demand that itemizes "damages, attorneys fees, and costs." *Id.*

A notice filed before the *first* suit cannot include the attorney's fees incurred *during* the *first* suit. Thus, a settlement demand provided *before* filing the second lawsuit would necessarily include any damages, fees, and costs incurred *after* the first lawsuit was filed. Accepting the homeowner's "claim-specific" theory would frustrate the statute's core purpose because it allows the filing of a second lawsuit without providing the insurer an opportunity to review an updated settlement demand.

In short, the trial court correctly adopted the insurer's "suit-specific" statutory interpretation and properly dismissed the second lawsuit for failure to comply with the presuit notice statute. We affirm on the remaining issues without further discussion.

*Affirmed.*

CIKLIN, J., and BELL, CAROLYN, Associate Judge, concur.

\*       \*       \*

***Not final until disposition of timely-filed motion for rehearing.***

4