BOARDMAN, Judge.
On May 20, 1977, appellants/plaintiffs filed a two-count complaint seeking damages against appellees/defendants, Malcolm E. Beard, John Clamon, and R. L. Rodriguez, pursuant to the Florida Wrongful Death Act, Section 768.16-.27 (1977). The action concerned the death of Ronald Ham-brick which occurred on May 21, 1975. On June 20, 1977, appellants’ attorney submitted a claim for damages by letters to Malcolm Beard, sheriff of Hillsborough County, and to Bill Gunter, commissioner of insurance. .Appellees filed a motion to dismiss alleging, among other things, failure of appellants to comply with the statute of limitations. After a hearing the trial court entered an order of dismissal with prejudice, and on May 23, 1978, final judgment was entered.- This appeal of that final' judgment was timely filed.
Whether appellants complied with the statute of limitations is the sole issue for our determination.
Section 95.11(4)(d) of the Florida Statutes dictates that a wrongful death action shall be brought within two years of the date of the death at issue. Section 768.28 provides for a limited waiver of sovereign immunity. Section 768.28(6) stipulates that an action shall not be instituted against the state or one of its agencies or subdivisions until the claim is presented to the affected unit of government and the Department of Insurance and the claim is then denied. The statute further provides if no extrajudicial action is taken on the claim within six months it is deemed a denial of the claim. The claimant must present his claim within three years of the accrual of the claim. Unless there is a shorter statute of limitations for a particular cause of action, the complaint must be filed within four years of the accrual- of the cause of action. Fla. Stat. § 768.28(11) (1977). '
It is not disputed that the complaint was filed within two years of Ronald Ham-brick’s death. Appellees strongly urge that the statute of limitations was not tolled by this filing, however, because appellants failed to present their claim to the sheriff of Hillsborough County and the Department of Insurance prior to filing the complaint.[1] There was no right to bring the action until the claim was presented as required by the statute, therefore, the complaint was not effective for purposes of compliance with the statute of limitations when it was filed. It did not become effective until June 20,1977, when the claim was presented to Beard and Gunter. Since this date exceeded the two-year statute of limi *60 tations appellees argue that the cause of action was barred. We do not agree.[2]
Section 768.28(1) waives immunity from suit for the state and its agencies and subdivisions. State agencies and subdivisions include “the executive departments, the legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.” Fla.Stat., § 768.28(2). According to the plain and obvious meaning of Section 768.28(6) it does not apply to individuals. It is clear that only governmental units are included in this section of the statute.[3] In Johnson v. Wilson, 336 So.2d 651, 652 (Fla. 1st DCA 1976) the First District Court of Appeal held that a sheriff is “not a municipality, is not the State of Florida, and is not a political subdivision.” We go further and note that a sheriff is a public officer, not the executive, legislative, or judicial branch, an independent establishment of the state, or a corporation. Accordingly, Section 768.-28(6) is not applicable to an action brought against the defendants named in the complaint in the case before us.[4]
The complaint was timely filed under Section 95.11, Florida Statutes. Therefore, it was error for the trial court to dismiss the complaint for failure to comply with the statute of limitations.
Due to our resolution of this issue it is not necessary to address the other point raised on appeal.
REVERSED and REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and RYDER, J., concur.

. Although not raised we do comment that appellants’ acts of filing their claim with the sheriff of Hillsborough County and the Department of Insurance in an attempt to comply with Section 768.28(6) has no effect on their right to contest its applicability.

. Appellees have not argued that the complaint is not effective until the claim is denied even though such an argument logically follows their analysis.

. We do not consider the applicability of another section of the statute, Section 768.28(9), to these appellees. Appellees may have immunity from suit based on their position as public officers or they may have waived any immunity by the acquisition of liability insurance, but that issue is not before us.

. This opinion does not address the effect of this difference on a wrongful death action brought against the state or one of its agencies or subdivisions which is filed within two years of the date of death but prior to compliance with Section 768.28(6).