GEIGER, DWIGHT L., Associate Judge.
This is an appeal by the State from an information charging appellee with securities fraud. The State contends that the trial court erred in applying the general two year statute of limitations for non-capital crimes instead of the special five year statute of limitations for prosecution of securities violations.
On December 8, 1978, appellee was charged in an eighteen count information with sale of unregistered securities, sale of securities by an unregistered dealer, and fraudulent securities transactions, in violation of various provisions of chapter 517, Fla.Stat. (1977). The information alleged that all of the offenses took place within the first four months of 1974. Appellee pled not guilty and on January 11, 1979, moved to dismiss the information on several grounds, including the two year statute of limitations for prosecution of non-capital crimes which was in effect at the time the offenses were allegedly committed, § 932.-465(2), Fla.Stat. (1973). A hearing on the motion was held on February 2, 1979. On June 27, 1979, the judge then assigned to the case ruled that the prosecution was not barred and that the applicable statute of limitations was § 517.302, Fla.Stat. (1973), a five year statute of limitation for prosecution of violations of chapter 517. (Seventeen counts of the indictment were specially dismissed on other grounds.)
Appellee moved for reconsideration of his motion to dismiss based on the statute of limitations. On August 13, 1979, immediately preceding trial on the merits, a hearing on the renewed motion was held before a second circuit judge who had in the meantime been assigned to the case. He .reserved ruling until the conclusion of the trial. On September 6, 1979, the court found appellee guilty as charged, but ruled that the action was barred by § 932.465(2) Fla.Stat. (1973), the two year, general statute of limitation. The court stated that the shorter two year statute controlled because statutes of limitation in criminal cases are to be liberally construed in favor of the accused. Thereafter, the State prosecuted this appeal, maintaining that the court erred in applying the doctrine of liberal construction to resolve an apparent conflict between the two criminal statutes of limitation.
Our sister court, the Fifth District Court of Appeal, has recently determined that the five year statute of limitation for prosecutions of chapter 517 offenses operates as an exception to the general two year statute of limitation. Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA 1980). The appellant in Carcaise, supra, argued that because of § 932.465, enacted in 1971, was enacted subsequent to § 517.302, first enacted in 1951, the conflict must be resolved in favor of the later enactment. The Fifth District ruled that each statute did not repeal the earlier statute by implication. We find this case and the case cited therein, Oldham v. Rook, 361 So.2d 140 (Fla.1978), to be controlling.
The trial judge erred in applying the general statute of limitations in effect in early 1974 for prosecutions of felonies not punishable by death, § 932.465(2) Fla.Stat. (1973); the specific statute of limitations in effect at that time for violations of the sale of securities law, § 517.302 allowed five years for prosecution of such violations. Since the prosecution was commenced well within five years of the date of the alleged commission of crime, we reverse the the order of dismissal.
This case is somewhat unusual because the trial judge reserved ruling on the motion to dismiss until after trial and a finding of guilt as a matter of fact by the court in a nonjury trial. Having ordered reversal of the dismissal, we remand the cause to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
LETTS, C. J., and DOWNEY, J., concur.