396 So.2d 708 (1981)
Malcolm E. BEARD, As Sheriff of Hillsborough County, Florida, John R. Clamon, and R.L. Rodriguez, Petitioners,
v.
Patsy T. HAMBRICK, As Personal Representative of Ronald Hambrick, Deceased, for the Benefit of Patsy T. Hambrick, Lori Ann Hambrick, a Minor, Rhonda Jean Hambrick, a Minor, Ronald Hambrick, Jr., a Minor, Mark Elliott Hambrick, a Minor, Wendy Lynn Hambrick, a Minor, and the Estate of Ronald Hambrick, Deceased, Respondent.
No. 56071.
Supreme Court of Florida.
March 5, 1981.
Rehearing Denied May 4, 1981.
*709 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for petitioners.
J. Thomas Wright of Herce & Martinez, Tampa, for respondent.
Julius F. Parker, Jr. of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for Florida Sheriffs Ass'n, amicus curiae.
OVERTON, Justice.
This is a petition for writ of certiorari to review a decision of the Second District Court of Appeal, reported at 366 So.2d 58 (1978), holding that a sheriff and his deputies are not included within the provisions of section 768.28, Florida Statutes (Supp. 1974),[1] which waives sovereign immunity *710 within certain limits for negligent acts of government officials and employees. The decision affects a class of constitutional officers, and we have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We disapprove the decision of the district court in its holding that section 768.28 does not include sheriffs and their deputies. However, we approve the district court's reversal of the trial court since we find that a cause of action may properly be brought against a sheriff for the action of his deputies under the provisions of section 768.28 or, in the alternative, under the provisions of section 30.07, Florida Statutes (1973). We further find that the four-year statute of limitations set forth in section 768.28 applies to wrongful death actions brought under that section. Finally, we note that section 768.28, Florida Statutes (1979), has been substantially amended by chapter 80-271, Laws of Florida, with the legislative intent that the new statute apply to existing actions such as this one. Because the 1980 law took effect after briefs and arguments herein, we have limited this opinion to the statutes as they existed at the time of the incident, and all references to section 768.28 shall refer to Florida Statutes (Supp. 1974) unless otherwise indicated. We have left open upon remand the issues of the validity and applicability of the new statute upon this case.
The undisputed facts before the trial court reflect the following. The respondent, as personal representative of the estate of Ronald Hambrick, filed a complaint on May 20, 1977, seeking damages from the sheriff, Malcolm Beard, and two of his deputies for alleged negligent omissions which caused Ronald Hambrick's death on May 21, 1975. The action was brought under Florida's wrongful death act and filed within the two-year statute of limitations period prescribed in section 95.11(4)(c), Florida Statutes (Supp. 1974). However, there was no compliance with the advance notice requirement of section 768.28(6) prior to the filing of the action. One month after filing the lawsuit, the respondent attempted to comply with these notice provisions and gave notice to Sheriff Malcolm Beard and to the Commissioner of Insurance. Petitioners, as defendants, filed a motion to dismiss, alleging that because the respondent failed to comply with the notice provisions before filing the complaint, the statute of limitations of two years had run. The trial court, after stating the facts agreed to by the parties, entered an order of dismissal with prejudice. The district court reversed the trial court and found that: (1) the cause of action was not barred by the statute of limitations, and (2) section 768.28 applies only to certain governmental units and a sheriff's office is not included within this statutory provision.
The petitioner-sheriff contends that section 768.28 is applicable to a sheriff and that his liability for actions of his deputies set forth in section 30.07, Florida Statutes (1973),[2] was eliminated by section 768.28, Florida Statutes (Supp. 1974). He further argues that any recovery must be exclusively in accordance with the terms of section 768.28. Petitioner-sheriff also asserts that the two-year statute of limitations for wrongful death actions applies and that the action should be dismissed with prejudice because there was no compliance with the notice requirements of section 768.28(6) and that therefore no suit could properly be filed within the statutory limitations period.
The respondent-plaintiff argues that if section 768.28 is inapplicable to sheriffs, *711 then this cause must proceed in accordance with the preexisting law concerning liability of sheriffs. The respondent asserts that if section 768.28 is applicable to sheriffs, then the four-year statute of limitations contained in section 768.28(12) is applicable and this cause may consequently proceed.
We do not fully agree with either party or the district court. It is our view that the clear intent and purpose of section 768.28 was to provide a broad waiver of sovereign immunity and resulting coverage of governmental officers and employees to the extent of the dollar limits set forth in the statute. District School Board v. Talmadge, 381 So.2d 698 (Fla. 1980); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
In Talmadge we addressed the broad extent to which the state waived its sovereign immunity and the conditions and limits upon its derivative liability for the torts of its officers, employees, or agents. We further set forth the alternative ways to bring an action under the statute.
Concerning the applicability of section 768.28 to sheriffs, we find that a sheriff is a "county official," and, as such, is an integral part of the "county" as a "political subdivision" and that section 768.28 is applicable to sheriffs as a separate entity or agency of a political subdivision. In our opinion, a sheriff and his deputies were intended by the legislature to be covered under the provisions of section 768.28. The First District Court of Appeal assumed a sheriff to be such in Department of Health and Rehabilitative Services v. McDougall, 359 So.2d 528 (Fla. 1st DCA), cert. denied, 365 So.2d 711 (Fla. 1978). The provisions of the Florida Constitution appear to clearly mandate this answer.
Article VIII, Florida Constitution, entitled Local Government, provides for counties in section 1. That section provides in part as follows:
SECTION 1. Counties. 
(a) POLITICAL SUBDIVISIONS.
The state shall be divided by law into political subdivisions called counties. Counties may be created, abolished or changed by law, with provision for payment or apportionment of the public debt.
... .
(d) COUNTY OFFICERS. There shall be elected by the electors of each county, for terms of four years, a sheriff, a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court; except, when provided by county charter or special law approved by vote of the electors of the county, any county officer may be chosen in another manner therein specified, or any county office may be abolished when all the duties of the office prescribed by general law are transferred to another office. When not otherwise provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds.
(e) COMMISSIONERS. Except when otherwise provided by county charter, the governing body of each county shall be a board of county commissioners composed of five members serving staggered terms of four years. After each decennial census the board of county commissioners shall divide the county into districts of contiguous territory as nearly equal in population as practicable. One commissioner residing in each district shall be elected by the electors of the county. [Emphasis supplied.]
In our opinion, there is no reasonable way to construe article VIII, section 1, other than to include sheriffs as well as other named county officers as part of a county and, as such, within the definition of a political subdivision as used in subsection (a) of the section. To hold otherwise creates an artificial governmental entity for sheriffs and other named county officials that was not intended by either the legislature or the framers of our constitution. The court below relied on Johnson v. Wilson, 336 So.2d 651, 652 (Fla. 1st DCA 1976), which found that a sheriff "is not a political subdivision of the state." To the extent that this conflicts with our holding that a *712 sheriff is an official of a political subdivision of the state, that portion of Johnson is disapproved.
As an official of a political subdivision, a sheriff is subject to the provisions of section 768.28 for the negligence or wrongful act of one of his deputies or employees under circumstances in which "a private person would be liable." As this section was initially enacted, as construed by us in Talmadge, it is not the exclusive remedy for damages for tortious conduct by a government employee or official but is a means to protect and indemnify the employee and provide government responsibility to a limited degree. Having determined section 768.28 applicable to sheriffs, we proceed to the question of what is the appropriate statute of limitations when an action for wrongful death is brought under this section.
The petitioning sheriff contends that, because this statutory provision is applicable only if a private person would be liable, the two-year statute of limitations for wrongful death actions applies rather than the four-year statute of limitations contained in section 768.28(12). We reject this contention. We believe that the legislature intended that there be one limitation period for all actions brought under section 768.28. We base this belief on the prerequisite notice provisions of this section and the need to have a uniform period for actions against governmental entities. See DuBose v. Auto-Owners Insurance Co., 387 So.2d 461 (Fla. 1st DCA 1980).
Another issue in this cause concerns the continued applicability of a sheriff's liability under the provisions of section 30.07, Florida Statutes (1973). We have found that section 768.28 applies to sheriffs, although with limited liability, but it is an alternative remedy and does not repeal section 30.07 by implication as asserted by the petitioning sheriff. Section 30.07 and the long-established case law setting forth the conduct for which a sheriff is derivatively responsible under the provisions of section 30.07 are not affected by section 768.28, Florida Statutes (1974). We note that this case law limits the type of deputy conduct for which a sheriff is responsible.[3]
We reiterate that after the parties briefed and argued the issues in this cause, chapter 80-271, Laws of Florida, was enacted and became law effective June 30, 1980. It significantly amended section 768.28(9), Florida Statutes (1979), and section 4 of the act says that the act shall apply to all actions pending in the trial or appellate courts on the effective date of the act. The amendment to this statute appears to make several changes in the operative law, including making section 768.28 the exclusive remedy and excluding as named parties employees or officials absent certain allegations of bad faith, malice, or willful and wanton misconduct.
This opinion is expressly limited to the application of sections 30.07 and 768.28 as they existed at the time the instant cause of action arose. Our remanding of this cause for further proceedings in the trial court leaves open the issues of the validity and applicability of chapter 80-271 to this cause.
For the reasons expressed, we disapprove the opinion of the district court of appeal but agree with its reversal of the trial court's order dismissing the complaint with prejudice. We remand this cause to the district court with directions for this cause to proceed in the trial court in accordance with the views expressed in this opinion.
It is so ordered.
ADKINS, BOYD, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, J., dissents with an opinion, with which SUNDBERG, C.J., concurs.
ENGLAND, Justice, dissenting.
Respectfully, I cannot subscribe to the majority's holding that section 768.28, as originally enacted, is applicable to sheriffs *713 and subjects them to liability for the negligence or wrongful acts of their deputies. The conclusion that sheriffs, being county officials, are an integral part of the county and therefore constitute "political subdivisions" of the state under the statute is neat dialectic but horrendous law. It is clear that section 768.28 distinguished between governmental bodies, specifically denominated as "state agencies or subdivisions" and defined in subsection (2), and human beings, specifically named to include each "officer, employee, or agent of the state or its subdivisions" and treated in subsection (9). It is hard to understand why the legislature would have defined state agencies or subdivisions in subsection (2) and employ a different terminology in subsection (9), if agencies, political subdivisions, and people were to be intermixed and all treated as if imbued with sovereignty for purposes of the waiver statute. In short, the majority's leap of linguistic logic, by which the distinctive use of discrete terminology is blurred, escapes me.
The reasoning employed by the majority to equate sheriffs with counties is equally unpersuasive. That reasoning would lead one to conclude that a supreme court justice, being a "state officer," is an integral part of the "state" so as to be, in effect, the state itself. One would need a crystal ball to foresee the full panoply of mischief which could result from such logic.
The obvious fallacy in the majority's reasoning stems from a failure to focus on the indisputable fact that the sovereign immunity statute waived an immunity which would otherwise bar suit against governmental bodies. Subsection (1) of the act made this point abundantly clear. Since sheriffs had no immunity before the statute was enacted, the legislature obviously did not need, and therefore could not have intended, to waive that which did not exist.
With all due respect to the majority, I suggest that a faithful tracking of section 768.28  as originally enacted and later interpreted in District School Board v. Talmadge, 381 So.2d 698 (Fla. 1980)  would have provided the plaintiff in this case with three possible courses of action:
(1) She could have invoked the provisions of section 768.28 to sue the county and the deputies jointly. The county, not the sheriff, is the "political subdivision" that would have been responsible for negligence or wrongful acts of the deputies under the statute.
(2) She could have invoked the provisions of section 768.28 to sue the county alone.
(3) She could have sued the sheriff and his deputies, without invoking section 768.28, under traditional legal principles governing such actions. See, e.g., § 30.07, Fla. Stat. (1979).
As we noted in Talmadge, this range of litigation options was consistent with both the underlying purpose and discrete language of section 768.28.[1]
Since I cannot ignore the language of the legislature in section 768.28, I respectfully dissent.
SUNDBERG, C.J., concurs.
NOTES
[1] Section 768.28, Florida Statutes (Supp. 1974), provides in part:

Waiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees; statute of limitations; exclusions. 
(1) In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.
(2) As used in this act, "state agencies or subdivisions" include the executive departments, the legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.
....
(6) An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.
....
(12) Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within 4 years after such claim accrues.
[2] Section 30.07, Florida Statutes (1973), provides:

Deputy sheriffs.  Sheriffs may appoint deputies to act under them who shall have the same power as the sheriff appointing them, and for the neglect and default of whom in the execution of their office the sheriff shall be responsible.
[3] Malone v. Howell, 140 Fla. 693, 192 So. 224 (1939); Swenson v. Cahoon, 111 Fla. 788, 152 So. 203 (1934).
[1] For a more extensive treatment of the operation of section 768.28 before its amendment in 1980, see District School Bd. v. Talmadge, 381 So.2d 698 (Fla. 1980).