LEHAN, Judge.
We reverse the trial court’s order dismissing codefendant Charles B. Wells, Sheriff of Manatee County, from this suit which was brought against the sheriff in his official capacity and was based upon alleged acts of a deputy sheriff.
Citing Parker v. Robertson, 360 So.2d 785 (Fla. 2d DCA 1978), as authority for the dismissal, the trial court apparently concluded that since Wells was not the Sheriff of Manatee County at the time the alleged acts occurred, he could not be found liable for the acts. However, pursuant to a 1980 amendment section 768.-28(9)(a), Florida Statutes (1985), now provides that in these kinds of circumstances the exclusive remedy is a suit against “the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the ... employee ... is an employee_” See Beard v. Hambrick, 396 So.2d 708 (Fla.1981). Also, Florida Rule of Civil Procedure 1.260(d)(2) provides that when a public officer is sued in his official capacity he may be described merely by his official title and need not necessarily be described by name. Thus, it is the office of sheriff being sued in this case, not Wells personally, and Parker is not applicable. Cf. Florida Rule of Civil Procedure 1.260(d)(1) which provides, “When a public officer is a party to an action in his official capacity and during its pendency ... ceases to hold office, the action does not abate and his successor is automatically substituted as a party.”
A sheriff may be sued in his official capacity for an act of an employee of his predecessor. The order dismissing the sheriff in this case is reversed and the cause is remanded for proceedings consistent herewith.
GRIMES, A.C.J., and RYDER, J., concur.