WEBSTER, Judge.
Appellants seek review of that portion of a final order which dismissed with' prejudice, as barred by what the trial court concluded to be the applicable statute of limitations, their causes of action sounding in negligence against appellee (Department). The sole issue presented is one of law. Appellants contend that the trial court incorrectly held to be controlling the 3-year federal statute of limitations applicable to maritime torts generally, rather than the 4-year statute of limitations contained in Florida’s limited waiver of sovereign immunity statute. The Department responds that the trial court correctly resolved the issue. The question is of importance in this case because application of the former statute bars appellants’ negligence claims, while application of the latter does not. We conclude that the trial court should have applied the 4-year Florida statute, rather than the 3-year federal statute. Accordingly, we reverse.
Appellants’ initial complaint was filed on March 15,1994. Their second amended complaint (to which we must look for the relevant facts) alleged that appellant Nancy Horn was injured “[o]n or about March 25,1990,” while “a paying passenger” on a ferry owned and operated by the Department, which was, at all relevant times, “a legally constituted organization of the State of Florida.” According to the second amended complaint, the injuries were inflicted while the ferry was docking, having just crossed the St. John’s River, as the direct result of numerous acts of negligence by the Department. In addition to appellant Nancy Horn’s claim, the second amended complaint sought damages on behalf of Nancy Horn’s husband, appellant Edward Horn, based upon an alleged loss of consortium. (A contract claim was also asserted. However, appellants do not seek review of the dismissal of that claim.)
The Department moved to dismiss the negligence claims, arguing that the controlling statute of limitations was that found in 46 U.S.C.App. § 763a (Supp.1993). According to the Department, because section 763a required that the negligence claims be filed within three years of their accrual and it was apparent from the face of the second amended complaint that they had not been commenced until nearly four years after they had accrued, they were barred. Appellants responded that the controlling statute of limitations was found in section 768.28(12), Florida Statutes (1989) (since renumbered section 768.28(13)), and that, because the claims had been filed within four years of their accrual, they were timely. Because it was undisputed that the negligence claims alleged a maritime tort, the trial court concluded that the section 763a 3-year limitations period applied. Accordingly, it dismissed the claims with prejudice. This appeal follows.
Section 763a reads as follows:
Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.
Courts which have considered the question have concluded that section 763a “and its legislative history[] clearly evidence a Congressional intent to establish a uniform statute of limitations, consistent with the well-established case law recognizing the need for uniformity with respect to maritime standards.” Mink v. Genmar Indus., Inc., 29 F.3d 1543, 1547 (11th Cir.1994). Accord Butler v. American Trawler Co., 887 F.2d 20, 22 (1st Cir.1989) (“words ‘unless otherwise specified by law,’ refer, not to state law, but to other federal law”). Appellants contest neither the fact that their claims are based upon an alleged maritime tort nor the proposition that, were their claims being asserted against a private defendant, rather than a state *1124 agency, section 768a would control, regardless of whether the claims were brought in state or in federal court. Their argument is that, because the defendant is a state agency, the Eleventh Amendment precludes suit in federal court, and the common-law doctrine of sovereign immunity precludes suit in state court except to the extent that such immunity may have been affirmatively waived. To the extent that there has been a waiver of sovereign immunity, suit in state court is subject to all of the terms and conditions encompassed within such waiver. Therefore, because Florida has waived sovereign immunity on behalf of itself and its agencies and subdivisions for claims such as appellants’ in section 768.28, all of the terms and conditions of that waiver must be given effect, including the 4-year statute of limitations found in section 768.28(12).
Neither our research nor that of the parties has uncovered a case squarely resolving the issue presented here — whether section 763a controls in a maritime tort action brought against a state or one of its agencies, notwithstanding the presence of a different state statute of limitations which has expressly been made a part of the waiver of sovereign immunity permitting such an action to be brought. But see Kamani v. Port of Houston Auth., 702 F.2d 612 (5th Cir. 1983) (discussing the issue before deciding not to resolve it). Although we acknowledge that the question is a close one, we find ourselves persuaded by appellants’ argument.
The parties agree that appellants’ maritime tort claims may be asserted against the Department pursuant to section 768.28(1), Florida Statutes (1989), which, to the extent relevant, provides:
In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act....
One of “the limitations specified in th[e] act” is found in subsection (12) (now subsection (13)):
Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within 4 years after such claim accrues; exeept that an action for contribution must be commenced within the limitations provided in s. 768.31(4), and an action for damages arising from medical malpractice must be commenced within the limitations for such an action in s. 95.11(4).
Logically, it would seem that the first question to be answered in this case is whether the Florida courts would apply the 4-year provision found in section 768.28(12) to appellants’ claims, rather than some other, shorter, limitations provision. Obviously, if the claims would be barred regardless of whether section 763a or the applicable state provision were applied, there would be no need to resolve the difficult issue raised by appellants. We believe that this question has been answered in Beard v. Hambrick, 396 So.2d 708 (Fla.1981). In Beard, the court concluded that section 768.28(1) waived sovereign immunity for tort actions against county sheriffs. The court held, further, that, notwithstanding the applicability of a 2-year statute of limitations to wrongful death actions generally, the 4-year statute of limitations found in section 768.28(12) applied to a wrongful death action brought pursuant to section 768.28(1) against a sheriff. The court said, “[w]e believe that the legislature intended that there be one limitation period for all actions brought under section 768.28.” Id. at 712. (The legislature subsequently added *1125 language expressly exempting from the operation of the 4-year limitations period actions for contribution, ch. 83-257, § 1, at 1314, Laws of Fla.; and for medical malpractice, ch. 88-173, § 2, at 974, Laws of Fla.) Accordingly, it seems relatively clear to us that, absent any consideration of the applicability of section 763a, Florida courts would apply the 4-year limitations provision found in section 768.28(12), notwithstanding the existence of another statute of limitations generally applicable to similar torts.
It has long been recognized that the states (and their agencies) enjoy Eleventh Amendment immunity prohibiting suits in admiralty from being brought against them by their citizens in federal court. E.g., Welch v. Texas Dep’t of Highways and Public Transp., 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); In re New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); In re New York, 256 U.S. 503, 41 S.Ct. 592, 65 L.Ed. 1063 (1921). While a state may waive such immunity, the waiver must be clear and unequivocal. E.g., Welch; Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Moreover, “a State does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts.” Welch, 483 U.S. at 473-74, 107 S.Ct. at 2946.
Neither party argues that Florida has waived its Eleventh Amendment immunity prohibiting suit against it or its agencies or subdivisions in admiralty by its citizens in federal court. In fact, Florida has expressly disavowed any intent to do so by the limited waiver of sovereign immunity set out in section 768.28. E.g., § 768.28(17), Fla.Stat. (Supp.1994). Accordingly, it is clear that this action could not have been brought in federal court.
Appellants’ maritime tort claims may be brought against the Department in state court if Florida has waived its sovereign immunity to permit such an action. E.g., Hess v. Port Auth. Trans-Hudson Corp., — U.S. -, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994); Welch. The Department properly concedes that Florida has done so in section 768.28(1). However, the scope of the right conferred must be determined by reference to the language and terms of the waiver. As the Court said in Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 53-54, 64 S.Ct. 873, 876, 88 L.Ed. 1121, 1126 (1944):
The principle of immunity from litigation assures the states and the nation from unanticipated intervention in the processes of government, while its rigors are mitigated by a sense of justice which has continually expanded by consent the suability of the sovereign. The history of sovereign immunity and the practical necessity of unfettered freedom for government from crippling interferences require a restriction of suability to the terms of the consent, as to persons, courts and procedure.
One of the terms by which Florida has chosen explicitly to limit its consent to suit in an action such as this is that which requires that the action be commenced within four years after accrual of the claim. § 768.28(12), Fla.Stat. (1989). Our supreme court has held that this 4-year period of limitation was intended to apply to all actions permitted by the limited waiver of immunity, notwithstanding the fact that a different statute of limitations might apply had the action been brought against a private defendant. Beard v. Hambrick, 396 So.2d 708 (Fla.1981). (The legislature subsequently exempted from the operation of section 768.28(12) actions for contribution, ch. 83-257, § 1, at 1314, Laws of Fla.; and for medical malpractice, ch. 88-173, § 2, at 974, Laws of Fla.)
Congress may possess the power to abrogate the sovereign immunity of the states, as well as their Eleventh Amendment immunity, provided that it does so in language which makes its intent unmistakable. E.g., Hilton v. South Carolina Pub. Rys. Comm’n, 502 U.S. 197, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991); Will v. Michigan Dep’t of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). However, section 763a contains no such language. In the absence of such language, we conclude that the 4-year limitations provision found in section 768.28(12) should control here because Florida intended that it apply generally to tort actions permitted by its limited waiver of sovereign immunity. See, e.g., Kamani v. Port of Houston Auth., 702 F.2d 612 (5th Cir.1983) (notice *1126 requirement clearly intended by state as limitation on waiver of sovereign immunity as to tort claims generally controls, notwithstanding fact that claim is based on maritime tort).
In this action, the initial complaint, alleging negligence on the part of the Department, was filed on March 15, 1994. Running of the statute of limitations was tolled on that date. See, e.g., Szabo v. Essex Chem. Corp., 461 So.2d 128 (Fla. 3d DCA 1984) (in Florida, filing of complaint tolls statute of limitations). Appellants allege that the injuries were sustained “[o]n or about March 25, 1990.” We hold that, because the 4 — year limitations provision found in section 768.28(12), Florida Statutes (1989), rather than the 3-year provision in 46 U.S.C.App. 763a (Supp.1993), is controlling, the second amended complaint fads to establish conclusively, on its face, that the negligence claims are barred. See, e.g., Board of County Comm’rs v. Aetna Casualty & Sur. Co., 604 So.2d 850 (Fla. 2d DCA 1992) (motion to dismiss is appropriate vehicle to raise statute of limitations defense only if it is apparent on face of complaint that claim is barred), review denied, 613 So.2d 2 (Fla. 1993). Therefore, it was error to grant the Department’s motion to dismiss as to those elaims. Accordingly, we reverse the dismissal of those claims, and remand for further proceedings consistent with this opinion. Because appellants do not challenge the dismissal of their contract claim, we do not disturb the dismissal of that claim with prejudice.
REVERSED and REMANDED, with directions.
MINER, J., concurs.
BOOTH, J., dissents with written opinion.