977 So.2d 664 (2008)
Robert Malcom DAY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-4132.
District Court of Appeal of Florida, Fifth District.
February 22, 2008.
Rehearing Denied April 2, 2008.
Robert Augustus Harper, III, and Robert Augustus Harper, of Harper & Harper Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, Robert M. Day ["Day"], formerly the Property Appraiser of Osceola County, appeals his convictions of two felony counts of grand theft and multiple misdemeanor counts of using the services of a state employee in the furtherance of his candidacy, in violation of section 106.15(3), *665 Florida Statutes (2000). We find no merit to any of the issues raised on appeal, except one. We agree that the statute of limitations contained in Chapter 106, Florida Statutes, bars prosecution of the misdemeanor offenses.
On August 14, 2006, Day was charged by amended information with multiple offenses and was tried by jury. Counts I and II alleged the use of county employees to move personal furnishings from one residence to another and to repair damage to Day's residence after Hurricane Charley. Counts III-IX alleged that Day used the services of county employees in furtherance of his candidacy in the general election held in 2000. Counts X-XIII charged the same offenses for the general election held in 2004. Counts XIV and XV charged petty thefts for the use of a county employee for other private and personal work. A judgment of acquittal was granted as to Count VII only. The jury returned a verdict of not guilty to counts XIV and XV and guilty to the remaining counts.
Section 106.15(5) makes the use of the services of a state employee in furtherance of one's candidacy for public office a first-degree misdemeanor and specifies it is punishable "as provided in Section 775.082 or 775.083." These sections define the penalty: a maximum of one-year imprisonment and a fine of no more than $1,000. There is no reference in section 106.15 to section 775.15.
Day argued below and again asserts on appeal that the statute of limitations in section 106.28, Florida Statutes (2002), which he contends governs the charges in counts III-VI and VIII-XIII, has expired. Section 106.28, Florida Statutes, provides:
Actions for violation of this chapter must be commenced before 2 years have elapsed from the date of the violation. The State responds that section 106.28 does not apply to this criminal prosecution; rather, section 775.15, Florida Statutes (2004), which contains the general criminal statutes of limitation, governs and, under its provisions, particularly subsection 3(b), the prosecution of all charges in this case was timely. The State suggests that section 106.28 applies to civil claims only and that interpreting the statutes as such, would enable the lower court to "reconcile" both "conflicting" statutory provisions.
Section 775.15(2)(c), Florida Statutes, provides that the limitation for prosecution of first-degree misdemeanors is two years after commission. However, Section 775.15(3)(b), Florida Statutes (2004) contains several exceptions and tolling provisions. Sub-section 3(b) is one of these:
(3) If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:
. . . .
(b) Any offense based upon misconduct in office by a public officer or employee at any time when the defendant is in public office or employment, within 2 years from the time he or she leaves public office or employment, or during any time permitted by any other part of this section, whichever time is greater.
Thus, the question presented is whether the time limitation in section 106.28 or in section 775.15 applies to a charge of violation of section 106.15.
The State's position is that because there is a statute of limitations applicable generally to first degree misdemeanors in section 775.15, we must apply the limitation contained in section 106.28 only to civil proceedings in order to "harmonize" conflicting statutes. The correct principle of law to apply, however, is that: "[g]enerally speaking, a special statute of limitations which addresses itself to specific matters will take precedence over a general statute." *666 Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA 1980). Since Chapter 106 addresses the specific matter of misconduct by a candidate during an election, it seems logical that the statute of limitations set forth under the same chapter should also apply. Section 775.15 is a default statute that applies where no specific statute of limitations has been made applicable to a criminal offense or in situations where the Legislature has expressly called for its use.
There is at least one example that illustrates the point. Prior to 1986, section 517.302, Florida Statutes, provided that: "Whoever violates any of the provisions of this chapter is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The statute of limitations for prosecution of offenses committed under this chapter shall be 5 years." See § 517.302, Fla. Stat. (1985). Against the argument by the defendants charged with chapter 517 criminal offenses that the two year general statute of limitations applied, Florida courts held that the specific statute applied, even though it was longer. Carcaise. See also State v. Butts, 388 So.2d 317 (Fla. 4th DCA 1980). Several years later, the Legislature substantially rewrote this section and in the process eliminated the specific statute of limitations. Instead, they replaced the former provision with a new subsection (4) which specified that: "Criminal prosecution for offenses under this chapter is subject to the time limitations of s. 775.15." § 517.302(4), Fla. Stat. (1997).
This example tells us a couple of things. First, the Legislature does, in certain circumstances, provide for special statutes of limitation for specified criminal offenses and those govern over the general time limits. Second, the Legislature knows how to direct the application of section 775.15 in a comprehensive legislative enactment that contains specially created criminal offenses. This was not done in chapter 106.
Although we do not credit the State's "harmony" argument, we have considered carefully the State's proposition that section 106.28 is supposed to apply only to civil proceedings arising under chapter 106. We have done so because of the language the Legislature chose to use in section 106.28: "Actions for violation of this chapter must be commenced before 2 years have elapsed from the date of the violation." The Legislature's use of the word "actions" rather than "prosecutions" and absence of the word "criminal" makes the State's argument viable. Does "actions" include or exclude a criminal prosecution? To answer this question, we have examined the whole of chapter 106. We have found two instances in chapter 106 where the Legislature refers to a criminal prosecution as an "action." The first appears in section 106.25(6), where there is a reference to "criminal or civil actions." The second appears in section 106.27, where, in reference to "criminal proceedings," the Legislature calls this "any such action." There is, therefore, no basis to conclude that section 106.28 only applies to civil violations created in chapter 106. We conclude, therefore, that both criminal and civil actions for violations of provisions of chapter 106, including section 106.15, are governed by a two-year statute of limitations, commencing on the date of the violation.
Because the two-year statute of limitations in section 106.28 applies and the record fails to show that any of the misdemeanor offenses brought under chapter 106 were committed within the statutory time period, they must be dismissed and *667 the defendant resentenced accordingly.[1]
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER and EVANDER, JJ., concur.
NOTES
[1] In addition to the conclusion we have explained above, we are also dubious that the extension contained in section 775.15(3)(b) would apply to a chapter 106 prosecution. The extension applies to "any offense based upon misconduct in office." The misdemeanor counts were based on Day's conduct as a candidate. Indeed, the information did not even allege that he was a public officer, only a candidate. The fact that he may have been in public office at the time is immaterial to a chapter 106.15 prosecution.