990 So.2d 661 (2008)
Neal E. NICARRY, Appellant,
v.
Donald ESLINGER, Sheriff, Seminole County, Appellee.
No. 5D07-4165.
District Court of Appeal of Florida, Fifth District.
September 12, 2008.
*662 Randy E. Schimmelpfennig, of Morgan & Morgan, P.A., Orlando, for Appellant.
Thomas W. Poulton and Jeffrey K. Grant of DeBevoise & Poulton, P.A., Winter Park, for Appellee.
HUDSON, M., Associate Judge.
Neal E. Nicarry appeals the dismissal of his second amended complaint against Donald Eslinger, Sheriff of Seminole County, Florida, for negligence. The order of dismissal concluded that his complaint was barred by the statute of limitations found in section 95.11(5)(g), Florida Statutes (2004). We affirm.
Nicarry was incarcerated at the John E. Polk Correctional Facility in Sanford, Florida, where he was allegedly exposed to toxic fumes as a result of welding being *663 done on the property. Nicarry alleges that Sheriff Eslinger, the public official in charge of operating the jail, breached his duty to Nicarry by failing to properly ventilate the room where the welding took place. As a direct and proximate cause of Sheriff Eslinger's negligence, Nicarry claims that he suffered bodily injury.
Nicarry filed his original complaint twenty-one months after the incident, and later amended that complaint. Sheriff Eslinger filed motions to dismiss both the original and amended complaints[1] on the ground that they were barred by section 95.11(5)(g). The trial court concluded that Nicarry's claim was barred by the one-year statute of limitations found in that statute and dismissed the amended complaint without prejudice. After Nicarry filed a second amended complaint, which made the same allegations as the original complaint, Sheriff Eslinger filed another motion to dismiss. The trial court granted Sheriff Eslinger's motion and dismissed Nicarry's second amended complaint with prejudice on the ground that it was barred by the one-year statute of limitations found in section 95.11(5)(g). This appeal followed.
The standard of review of an order dismissing a complaint is de novo. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla.2002). A motion to dismiss a complaint based on the expiration of the statute of limitations should be granted only in extraordinary circumstances in which the facts pleaded in the complaint conclusively establish that the statute of limitations bars the action as a matter of law. Wishnatzki v. Coffman Constr., Inc., 884 So.2d 282, 285 (Fla. 2d DCA 2004). This Court takes the allegations of the complaint as true and views them in a light most favorable to the plaintiff. Id.
Section 95.11, Florida Statutes, outlines the statute of limitations for all causes of action except for recovery of real property. In relevant part, section 95.11 provides that an action founded on negligence must be commenced within four years of when the action accrued. § 95.11(3)(a), Fla. Stat. (2004). The statute also specifies that except for actions relating to disciplinary proceedings, a complaint brought by or on behalf of a prisoner relating to the "conditions of the prisoner's confinement" must be commenced within one year of when the action accrued. § 95.11(5)(g), Fla. Stat. (2004).[2]
*664 Nicarry argues that the one-year statute of limitations for all cases brought by prisoners concerning "conditions of their confinement" did not apply to his case because he was not challenging a continuous condition of his confinement. Instead, he claims that the four-year statute of limitations for negligence claims applied because he was challenging a single instance of negligence.
This is a case of first impression in Florida. The integral component of the issue on appeal is the definition of the phrase "conditions of the prisoner's confinement," as contained in section 95.11(5)(g). With no state precedent discussing the meaning of that phrase, this Court must construe the terms of the statute. "Conditions of the prisoner's confinement" is not defined in the statute itself. Therefore, this Court is to give effect to the Legislature's intent. State v. J.M., 824 So.2d 105, 109 (Fla.2002). In order to discern legislative intent, courts should look first to the plain language of the statute. Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000). Only when the statutory language is unclear or ambiguous should the courts apply rules of statutory construction and explore legislative history to determine legislative intent. Weber v. Dobbins, 616 So.2d 956, 958 (Fla. 1993). A statute is "ambiguous" when its language is subject to more than one reasonable interpretation and may permit more than one outcome. Hess v. Walton, 898 So.2d 1046, 1049 (Fla. 2d DCA 2005).
We find that there is no reasonable interpretation for the phrase "conditions of a prisoner's confinement" that would encompass only "ongoing conditions," as urged by Nicarry, especially in light of the statute's clear framework. Sections 95.11(5)(f) and (g) specifically enumerate two exceptions to the one-year statute of limitations for prisoner complaints: extraordinary writs challenging a criminal conviction and actions involving correctional disciplinary proceedings. It is not logical to find that another exception would exist when these specific circumstances were highlighted for exception in the statute. We find that section 95.11(5) encompasses the complaint filed by Nicarry, and limited the time for filing his lawsuit to one year.[3]
As section 95.11(5) is clear and unambiguous, we do not find the need to explore other aids to statutory construction. However, we note that cases issued by the United States Supreme Court interpreting the meaning of "conditions of confinement," albeit not in a statute of limitations context, strongly support this Court's interpretation of section 95.11(5)(g).
In McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991), the Supreme Court considered the scope of 28 U.S.C. § 636(b)(1)(B), which authorizes the referral of prisoner petitions "challenging conditions of confinement" to magistrates without the complainant's consent. The prisoner in McCarthy challenged the referral of his complaint of a single episode of excessive force to a magistrate because he was not challenging ongoing prison conditions. The Supreme Court maintained that all prisoner petitions were to be referred to magistrates because "litigation would otherwise arise in trying to identify *665 the precise contour of a petitioner's suggested exception for single episode cases." McCarthy, 500 U.S. at 143, 111 S.Ct. 1737. In reaching this result, the McCarthy Court relied heavily on its previous decision in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In Preiser, the Court differentiated between two distinct types of petitions: petitions challenging the fact or duration of confinement and those petitions challenging the conditions of confinement. Id. at 498-99, 93 S.Ct. 1827. The Court concluded that challenges to specific instances of conduct were, in fact, challenges to conditions of confinement. Id.
The Supreme Court upheld McCarthy in Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The prisoner in Porter filed a complaint, alleging that he was harassed and beaten on one occasion. The prisoner did not file an inmate grievance as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which bars an action concerning "prison conditions" until the prisoner has exhausted all available administrative remedies. The prisoner argued that the requirement did not apply to single incidents affecting only particular prisoners. The Court, however, found that the requirement to exhaust administrative remedies before filing a suit challenging prison conditions "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Id. at 532, 122 S.Ct. 983.
In light of the clear and unambiguous language of section 95.11(5), Florida Statutes (2004), and mindful of the United States Supreme Court decisions interpreting similar statutory language, we conclude that the one-year statute of limitations applies to both ongoing and isolated conditions of a prisoner's confinement. Since Nicarry did not file his complaint within one year after the alleged incident, the trial court properly dismissed his complaint with prejudice.
AFFIRMED.
LAWSON and COHEN, JJ., concur.
NOTES
[1] Sheriff Eslinger also raised Nicarry's failure to obtain leave of court or written consent to file his amended complaint. The trial court only addressed the statute of limitations as the basis for its Order of Dismissal.
[2] The relevant text reads:

95.11. Limitations other than for the recovery of real property
Actions other than for recovery of real property shall be commenced as follows:
....
(3) Within four years.
(a) An action founded on negligence.
....
(5) Within one year.
....
(f) Except for actions described in subsection (8), a petition for extraordinary writ, other than a petition challenging a criminal conviction, filed by or on behalf of a prisoner as defined in s. 57.085.
(g) Except for actions described in subsection (8), an action brought by or on behalf of a prisoner, as defined in s. 57.085, relating to the conditions of the prisoner's confinement.
....
(8) Within 30 days for actions challenging correctional disciplinary proceedings.Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.
§ 95.11(3)(a), (5)(f)-(g), (8), Fla. Stat. (2004).
[3] By allowing prisoners to bring a complaint relating to conditions of confinement, section 95.11(g), Florida Statutes (2004), implicitly waives sovereign immunity on these issues. Statutes purporting to waive sovereign immunity are strictly construed. City of Gainesville v. State, Dep't of Transp., 920 So.2d 53, 54 (Fla. 1st DCA 2005).