PALMER, J.
Patricia Calhoun appeals the summary judgment entered against her in her negligence lawsuit against Alvin Nienhuis, in his official capacity as the Sheriff of Her-nando County (Sheriff). Determining that the trial court applied the wrong statute of limitations to Calhoun’s lawsuit, we reverse.
Calhoun sued the Sheriff for negligence. The complaint alleged that, while she was incarcerated as a pre-trial detainee in the Hernando County Jail, Calhoun was injured as a result of the negligence of jail employees. The complaint also alleged that, before filing suit, Calhoun complied with all pre-suit conditions of the waiver-of-sovereign-immunity statute, section 768.28, Florida Statutes (2010).
The Sheriff moved for summary judgment. He argued that Calhoun’s lawsuit was barred by the one-year statute of limitations for prisoner claims, section 95.11(5)(g), because she filed her complaint more than one year after the act of alleged negligence occurred. Calhoun responded that the applicable statute of limitations was the four-year limit for claims based on waiver of sovereign immunity, section 768.28(14). The trial court granted the Sheriffs motion, concluding that section 95.11(5)(g) controlled.
Calhoun appeals, arguing that the applicable statute of limitations is section 786.28(14), not section 95.11(5)(g). We agree.
The Legislature has waived the State’s sovereign immunity from liability for torts, “subject to the limitations specified in [section 768.28].” § 768.28(1). That statute requires a plaintiff to, among other things, provide pre-suit notice to the defendant within three years after the claim accrues. § 768.28(6)(a)-(b). The statute also imposes the following statute of limitations:
768.28 Waiver of sovereign immunity in tort actions; ... statute of limitations ...
[[Image here]]
(14) Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within k years after such claim accrues; except that an action for contribution must be commenced within the limitations provided in s. 768.81(4) [the statute of limitations in the Uniform Contribution Among Tortfeasors Act], and an action for damages arising from medical malpractice must be commenced within the limitations for such an action in s. 95.11(4) [the ordinary statute of limitations for medical malpractice].
§ 768.28(14) (emphasis added).
In contrast, section 95.11(5)(g) was enacted as part of a bill to reform procedures for inmate lawsuits. See Ch. 96-106, Laws of Fla. (1996). That section provides:
95.11 Limitations other than for the recovery of real property
Actions other than for recovery of real property shall be commenced as follows:
[[Image here]]
(5) Within one year.—
[[Image here]]
(g) Except for actions described in subsection (8) [challenging prison disciplinary proceedings], an action brought by or on behalf of a prisoner, as defined in s. 57.085, relating to the conditions of the prisoner’s confinement.
*26 We conclude that section 768.28(14), rather than section 95.11(5)(g), applies in this case for several reasons.
First, chapter 95 contains an exception clause that provides that its limitation periods are superseded by other statutes: “A civil action or proceeding ... shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.” § 95.011. Based on this clause, the Florida Supreme Court held, in a suit against a government health care provider, that section 768.28’s statute of limitations superseded section 95.11’s statutes of limitations and repose for medical malpractice actions. Pub. Health Trust v. Menendez, 584 So.2d 567 (Fla.1991).[1] The Court explained that the exception clause “clearly provides that the periods of time provided in chapter 95 do not apply if a different period is provided elsewhere in the statutes .... [T]he language of [the clause] is plain: If a different statute prescribes a different time, then the periods of time in chapter 95 have no applicability.” Id. at 569.
Second, even absent chapter 95’s exception clause, section 768.28’s statute of limitations supersedes other statutes in suits against government entities. In Beard v. Hambrick, 396 So.2d 708 (Fla.1981), a decedent’s estate sued a sheriff for wrongful death. Our Supreme Court rejected the sheriffs argument that section 95.11’s statute of limitations for wrongful death applied, holding that section 768.28’s statute applied instead. The Court reasoned: “We believe that the legislature intended that there be one limitation period for all actions brought under section 768.28. We base this belief on the prerequisite notice provisions of this section and the need to have a uniform period for actions against governmental entities.” Id. at 712. See also Fla. Dep’t of Health & Rehab. Servs. v. S.A.P., 835 So.2d 1091, 1096 (Fla.2002) (“Time limitations on legal actions in Florida ordinarily are governed by the statutes of limitation set forth in chapter 95, but ... time limitations on chapter 768 actions are controlled by section 768.28( [14]).” (footnote omitted)); Horn v. State, Dep’t of Transp., 665 So.2d 1122, 1124-25 (Fla. 1st DCA 1996) (interpreting Beard as holding that 768.28’s statute of limitations “was intended to apply to all actions permitted by the limited waiver of immunity, notwithstanding the fact that a different statute of limitations might apply had the action been brought against a private defendant”).
Third, the Legislature has created express exceptions to the applicability of section 768.28’s statute of limitations, and prisoner claims under section 95.11(5)(g) are not one of those exceptions. Specifically, section 768.28(14) excepts claims for contribution and medical malpractice, providing that their respective statutes of limitations apply. Thus, under the maxim inclusio unius est exclusio alterius,[2] prisoner claims within section 95.11(5)(g) should not be construed as being an exception to section 768.28(14).
In arguing that section 95.11(5)(g) applies here, the Sheriff relies on this court’s decision in Nicarry v. Eslinger, 990 So.2d *27 661 (Fla. 5th DCA 2008). However, Ni-carry does not control, because it did not address the applicability of section 768.28. Cf. Public Health, 584 So.2d at 569 (distinguishing earlier Florida Supreme Court opinion that applied one of section 95.11⅛ statutes of limitations because that opinion did not address applicability of section 768.28).
Accordingly, we reverse the trial court’s summary judgment because Calhoun’s action was timely filed within section 768.28(14)’s four-year limitation period.
REVERSED and REMANDED.
LAWSON and COHEN, JJ., concur.

. The relevant facts of Public Health occurred before section 768.28’s statute of limitations was amended to except medical malpractice actions.

. See Gay v. Singletary, 700 So.2d 1220, 1221 (Fla.1997) (explaining that this Latin maxim instructs that "when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded”).