WOLF, J.
Appellant, a pro se inmate, brought suit against four corrections officers who worked at the jail in which he was confined, alleging their negligence enabled other inmates to attack him. His complaint included both state claims of negligence and federal claims of deprivation of rights pursuant to 42 U.S.C. § 1983. In this appeal, he challenges the trial court’s denial of his motion for leave to amend his second amended civil rights complaint and simultaneous dismissal of that complaint.
Appellant challenges three of the trial court’s findings in particular: (1) that appellant failed to exhaust his administrative remedies as required by 42 U.S.C. § 1983 prior to bringing suit; (2) that this failure to exhaust administrative remedies was evident from the face of appellant’s complaint; and (3) that appellant’s state law claims were barred by the one-year statute of limitations period outlined in section 95.11(5)(g), Florida Statutes (2007).
We affirm appellant’s first two claims without comment. We also affirm the trial court’s application of the one-year statute ■ of limitations period pursuant to section 95.11(5)(g). However, we write to address our reasoning on the statute of limitations issue and to express our disagreement with Calhoun v. Nienhuis, 110 So.3d 24 (Fla. 5th DCA 2013), in .which the Fifth District Court of Appeal held that the four-year statute of limitations period set forth in section 768.28(14), Florida Statutes, applied to a prisoner’s negligence action against the county sheriff rather than the one-year statute of limitations period of section 95.11(5)(g).

Analysis

Appellant’s allegation that his state claims were- inappropriately dismissed as time-barred pursuant to an inapplicable statute of limitations period is a question of law to be reviewed de novo. See Nicarry v. Eslinger, 990 So.2d 661, 663 (Fla. 5th DCA 2008).
*1011 Appellant alleges the four-year statute of limitations period outlined in section 768.28(14), Florida Statutes (2007), should apply to his claim rather than the one-year statute of limitations period relied on by the trial court and outlined in section 95.11(5)(g). If the longer statute of limitations period applies, appellant would have filed his claim in a timely manner. We determine the shorter, one-year statute of limitations applies here, both because it is the more specific of the two statutes and because it was more recently enacted.
The more general four-year statute of limitations period outlined in section 768.28(14) applies to “[e]very claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section.... ” This section was enacted in 1973. See Ch. 73-313, Laws of Fla.
On the other hand, the more specific one-year statute of limitations period of section 95.11(5)(g) was adopted in 1996. See Ch. 96-106, Laws of Fla. It applies to “aetion[s] brought by or on behalf of a prisoner, as defined in s. 57.085, relating to the conditions of the prisoner’s confinement.” § 95.11(5)(g), Fla. Stat. Section 57.085(1), Florida Statutes (2007), defines a “prisoner” as “a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing.”
We find the statute of. limitations outlined in section 95.11(5)(g) to be more specific, as it applies only to actions brought by or on behalf of prisoners regarding their confinement. § 95.11(5)(g), Fla. Stat. Section 768.28(14) is more general because it applies to any claims “against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission.” § 768.28(14), Fla. Stat.
Further, it is undisputed that appellant meets the statutory definition of a prisoner and that his state negligence claims against the corrections officers relate to the conditions of his confinement. Therefore, we determine that the more recent and more specific one-year statute of limitations pursuant to section 95.11(5)(g) applies here.
We disagree with the reasoning of Calhoun, 110 So.3d 24, in which the Fifth District Court of Appeal determined that the older and less specific four-year statute of limitations period set forth in section 768.28(14) applied to a negligence action filed by a pre-trial detainee for injuries sustained as a result of actions of jail employees rather than the one-year statute of limitations period of chapter 95.[1] We find the Fifth District erred in coming to this conclusion for two reasons: (1) it improperly gave too expansive a reading to the limiting section contained in chapter 95; and (2) it too expansively interpreted the cited case law.

1. Broad Interpretation of Chapter 95’s Limiting Section

Chapter 95 contains a limiting section which applies to all statute of limitations periods outlined in the chapter, including the one-year period of section 95.11(5)(g). The exception clause states, in pertinent part:
A civil action or proceeding, called “action” in this chapter ... shall be barred unless begun within the time prescribed in this chapter or, if a different time is *1012 prescribed elsewhere in these statutes, within the time prescribed elsewhere.
§ 95.011, Florida Statutes (2007).
The Fifth District Court of Appeal in Calhoun read this clause to mean that all other statute of limitations periods outlined in the Florida Statutes supersede any statute of limitations period provided for in chapter 95. However, this broad interpretation would render the subsequently passed and more specific section 95.11(5)(g) a nullity from the time of its original passage. We cannot presume such a result was intended by the Legislature.
“[C]ourts must presume that the Legislature passes statutes with the knowledge of prior existing statutes and that ‘the legislature does not intend to keep contradictory enactments on the books or to effect so important a measure as the repeal of a law without expressing an intention to do so.’ ” Knowles v. Beverly Enters.-Fla., Inc., 898 So.2d 1, 9 (Fla.2004) (quoting Woodgate Dev. Corp. v. Hamilton Inv. Trust, 351 So.2d 14, 16 (Fla.1977)). “ ‘[Statutory enactments are to be interpreted so as to accomplish rather than defeat their purpose.’ ” State v. Mosley, 149 So.3d 684, 686 (Fla.2014) (quoting Reeves v. State, 957 So.2d 625, 629 (Fla.2007)).
We, therefore, adopt the more reasoned approach that the more specific statute of limitations controls over the general, and the later-enacted statute takes precedence over a prior enactment. See Carcaise v. Durden, 382 So.2d 1236, 1237 (Fla. 5th DCA 1980) (“Generally speaking, a special statute of limitations which addresses itself to specific matters will take precedence over a general statute.”); Day v. State, 977 So.2d 664 (Fla. 5th DCA 2008) (same); see also Palm Beach Cty. Canvassing Bd. v. Harris, 772 So.2d 1273, 1287 (Fla.2000) (“[W]hen two statutes are in conflict, the more recently enacted statute controls the older statute.”). As such, we find that the trial court was correct in applying the one-year statute of limitations period of 95.11(5)(g) to this case.

2. Broad Reading of Cited Case Law

We additionally find the court in Calhoun interpreted the case law cited in its opinion too broadly when determining that the older and less specific four-year statute of limitations period in section 768.28(14) was controlling in prisoner litigation.
The Fifth District relied on Public Health Trust of Dade County v. Menendez, 584 So.2d 567 (Fla.1991), and Beard v. Hambrick, 396 So.2d 708 (Fla.1981), in reaching its conclusion. Both of those cases, however, rejected the claim that general statutes’of limitations contained in chapter 95 regarding actions against private entities would control over the more specific statute of limitations regarding waiver of sovereign immunity contained in section 768.28. In other words, those cases support our determination that specific statutes supersede general statutes governing the same topic.
In Horn v. State, Department of Transportation, 665 So.2d 1122, 1125 (Fla. 1st DCA 1996), we interpreted Beard as holding that the statute of limitations in section 768.28 “was intended to apply to all actions permitted by the limited waiver of immunity, notwithstanding the fact that a different statute of limitations might apply had the action been brought against a private defendant.”
As previously noted, section 95.11(5)(g) is not a statute of a general nature applying to a particular cause of action that might be brought against a private entity. It is a statute of limitations directed to an action brought by a specific, identified party against a governmental entity. It would make little sense to apply the broad *1013 exclusion language contained in chapter 95 to these circumstances.

Conclusion

Because the trial court properly found the more specific section 95.11(5)(g) and its one-year statute of limitations is applicable in this case, we AFFIRM.
WETHERELL and BILBREY, JJ., concur.

. While the status of the claimant in Calhoun v. Nienhuis, 110 So.3d 24 (Fla. 5th DCA 2013), was that of a pre-trial detainee, which is arguably outside the definition of prisoner contained in section 57.085, Florida Statutes, the Fifth District did not rely on the detainee’s status for applying the four-year statute of limitations period as opposed to the one-year statute of limitations period.